UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 07-CV-46-KSF

AARON RITTER                                                                                                    PLAINTIFF

VS:                          **MEMORANDUM OPINION AND ORDER**

DR. FRANCIS and
    APPALACHIAN REGIONAL HOSPITAL[1]                                         DEFENDANTS

**** **** **** ****

This matter is before the Court on the motion of Defendant Appalachian Regional Hospital ("ARH") to dismiss this action and on the plaintiff's response to the Court's earlier Show Cause Order.

BACKGROUND

On February 12, 2007, the instant cause of action arrived in the Office of the Clerk of this Court after transfer by Order of the United States District Court for the District of Vermont.

The record from the District of Vermont reveals that the plaintiff was incarcerated in a Kentucky prison, the Lee Adjustment Center ("LAC"), in Beattyville, Kentucky, on May 15, 2006, when he originally filed the instant *pro se* complaint about a surgery occurring during his stay at the LAC. The plaintiff claimed that the Vermont District Court had diversity jurisdiction over this matter, as the plaintiff is a Vermont citizen and the defendants are Kentucky residents, and he also asserted jurisdiction under 28 U.S.C. §§1331 and 1367.

---

[1] As the Court has footnoted earlier, this defendant has informed the Court that the plaintiff's designation is a misnomer. "The accurate name of the defendant is Appalachian Regional Healthcare, Inc. The registered 'doing business as' name for ARH's hospital in Hazard is Hazard ARH Regional Medical Center." Record No. 2 at D.E. 8.

Ritter alleged that on February 9, 2005, an LAC doctor named Dr. Francis falsely informed him that his appendix was vestigial, meaning not really needed, and gave him "ill" advice, recommending the removal of his appendix. Plaintiff agreed to the surgery and his appendix was removed by a Dr. Chacko at the defendant hospital on February 17, 2005. After the surgery, he alleges further, the ARH nurses incorrectly administered prescribed drugs intravenously. They purportedly "administered I.V. Demoral and Finnigrin. . . [and the less experienced] would shoot it into his veins very quickly thus blowing out the plaintiff's veins."

Naming Dr. Francis and the ARH as the defendants, the plaintiff claimed that they committed malpractice, a state tort, and were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. Plaintiff alleged that as a direct result of the defendants' joint actions in February of 2005, he suffered an unnecessary surgery and now he has bad circulation in both of his hands. He has sought further treatment and damages from the defendants pursuant to 42 U.S.C. §1983.

The docket shows that while this case was in Vermont, the plaintiff was granted permission to proceed *in forma pauperis*, and the LAC refused to waive service on behalf of Dr. Francis because he is no longer employed there.[2] The ARH waived service and responded to the complaint with a motion to dismiss the action on multiple grounds. On December 5, 2006, a magistrate judge issued a report and recommendation on the ARH's motion, and the recommendation was later adopted by the district court.

The District Court for the District of Vermont found that it lacked personal jurisdiction over either of the defendants, Francis and the ARH. Rather than dismiss the action, however, the Court

---

[2] Dr. Francis was not served while the case was in Vermont, nor has he been served to date.

ordered it transferred to the Eastern District of Kentucky, pursuant to its discretion in 28 U.S.C. §1404(a) and attendant case law. The Court refused to consider the merits of any of the ARH's other arguments and, accordingly, denied its motion "without prejudice so that ARH may raise its claims under Rule 12 in the transferee court."

### DEFENDANT'S MOTION

After the action was transferred and Kentucky counsel substituted, on February 27, 2007, Defendant ARH filed a Renewed Motion to Dismiss, or in the Alternative, for an Extension of Time in which to File an Answer. In the earlier motion, the defendant had noted that it was the only defendant properly served to date and had argued several grounds for dismissal. The non-jurisdictional portion of the motion which is now before the Court contains the ARH's contentions that dismissal is appropriate for failure to state a claim upon which relief may be granted, as his negligence and federal constitutional claims lack specificity as to any facts, and for the reason that the ARH is not a state actor on whom liability may be imposed under 42 U.S.C. §1983.

On March 2, 2007, the Court issued an Order informing the plaintiff of provisions in the Joint Local Rules for the United States District Courts for the Eastern and Western Districts of Kentucky ("LR"), and its requirement that an opposing memorandum must be filed within the deadline established by the Court and that failure to do so may be grounds for granting the motion and dismissing the lawsuit. L.R. 7. The Court granted the plaintiff 30 days in which to respond to the ARH's motion.

Plaintiff has filed a response to ARH's motion, claiming that the surgeon, Dr. Chacko, is a defendant along with the nurses, as they were all employees of the defendant hospital. Moreover, he argues that liability may be imposed on the hospital because it became a state actor by contracting

3

with the prison or its corporate owners to take care of its prisoners. Ritter also states that he has not alleged fraud, as this defendant stated, but only medical malpractice, although discovery may indeed reveal that the defendants knowingly gave bad advice and thus may establish a fraud.

The defendant then filed a reply. In it, the ARH insists that the surgeon and nurses are not parties herein, and counsel quotes from and provides a copy of a decision from the United States District Court for the Eastern District of Michigan, wherein the District Court held, "It is settled law in civil rights actions that allegations premised solely upon supervisory authority or *respondeat superior* are foreclosed." *Spicer v. Martin*, 2000 U.S.Dist. LEXIS 21762, at *10 (E.D.Mich. 2000) (relying on *Monell v. Department of Soc. Servs.*, 436 U.S. 658 (1978)). This defendant also repeats his arguments that the plaintiff has failed to state either a state malpractice claim or an Eighth Amendment federal claim. Even if he had stated a claim, however, it would be barred by the applicable statute of limitations, as the Court's recent Show Cause Order suggests.

Plaintiff asked for an extension of time in which to file a response to the defendant's reply, and he then filed a response to the reply [Record No. 18]. It focuses on the issue of the nurses and Dr. Chacko's status as parties and suggests that if the Court finds that they are not parties, then he asks that he be permitted to amend his pleading to properly name them. As the response to a reply is not authorized and the contents of this response add nothing to the debate, the plaintiff's motion for additional time to file a response will be denied

## SHOW CAUSE ORDER

While the time was running for the plaintiff to file a response to Defendant ARH's motion, the Court screened the original complaint and, *sua sponte*, issued the Show Cause Order to which the defendant has referred.

By Order of March 27, 2007, the Court pointed out that in Kentucky, a personal injury claim must be brought within one year after the cause of action accrues. K.R.S. 413.140; *see also University of Kentucky Bd. of Trustees v. Hayse*, 782 S.W.2d 609 (Ky. 1989), *cert. denied*, 497 U.S. 1025 (1989) and 498 U.S. 938 (1990). Further, the state statute of limitations for personal injuries also governs claims under 42 U.S.C. §1983. *Wilson v. Garcia*, 471 U.S. 261 (1985); *Frisby v. Board of Education of Boyle County*, Ky. App., 707 S.W.2d 359, 361 (1986).

Therefore, the medical malpractice and constitutional claims asserted in the instant cause of action must both have been filed within a year from when the cause of action accrued. Because Ritter filed this case 15 months after his hospital stay, the Court was considering dismissal on statute of limitations grounds. The Court advised the parties of this consideration and granted them an opportunity to show cause as to why the case should not be dismissed as untimely filed.

Plaintiff has filed a formal response to the Show Cause Order. He argues that the statute of limitations does not begin to run until the plaintiff knows that he was wronged, and he did not know until June of 2005, at the earliest, that his appendix is a necessary organ and that the nurses' administration of the intravenous drugs was causing his circulation problems with his hands. Therefore, he claims, the state statute of limitations did not begin to run until June of 2005 and his complaint herein, filed on May 15, 2006, was timely.

### DISCUSSION

The Court concludes that the instant cause of action is time-barred. Although it is true that the applicable statute of limitations has a discovery provision and may also be tolled for certain reasons, they do not apply in the situation presented by the instant plaintiff.

As was stated in the Court's earlier Show Cause Order, Kentucky law supplies the applicable statute of limitations for both negligence and the constitutional claims. *See Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179, 183 (6th Cir. 1990). A federal court does not "borrow" Kentucky's law of claim accrual, however; rather, federal law supplies its own rule of claim accrual for civil rights claims. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996) (citing *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984)); *Heard v. Sheahan*, 253 F.3d 316, 317-18 (7th Cir. 2001).

Under both Kentucky and federal law, the one-year statute of limitations begins to run when plaintiffs knew or should have known of the injury which forms the basis of their claims. *Friedman v. Estate of Presser,* 929 F.2d 1151, 1159 (6th Cir.1991) (citing *Sevier v. Turner,* 742 F.2d 262, 273 (6th Cir.1984)); *Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991); *Keating v.. Carey,* 706 F.2d 377, 382 (2d Cir.1983).

"This inquiry focuses on the harm incurred, rather than the plaintiff's knowledge of the underlying facts which gave rise to the harm." *Id.* (citing *Shannon v. Recording Indus. Ass'n of Amer.,* 661 F.Supp. 205, 210 (S.D.Ohio 1987)). "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Sevier,* 742 F.2d at 273 (citing *Briley v. California,* 564 F.2d 849, 855 (9th Cir.1977)).

A plaintiff need not know the full extent of his injuries before his claim accrues; he must merely be sufficiently aware of his injury to put him on inquiry notice. *Friedman*, 929 F.2d at 1159 (citing *Dayco Corp. v. Goodyear Tire & Rubber Co.,* 523 F.2d 389, 394 (6th Cir. 1975) ("Any fact that should excite [the plaintiff's] suspicion is the same as actual knowledge of his entire claim.")); *Barcume v. City of Flint*, 819 F.Supp. 631, 635 (E.D.Mich. 1993) (limitations period begins to run in response to acts themselves and not in response to the continuing effects of past conduct).

Applying this test to the instant cause of action, the Court notes that Plaintiff has alleged no claim against Francis for any events after his signing an order on February 16 for the plaintiff to have the surgery; and Ritter's claim against the ARH is grounded in the treatment he received on February 19 and a few postoperative days thereafter. He does not assert that he had any contact with either defendant after that hospital stay, ending in February of 2005. Even if it is true that Plaintiff may not have actually known of the nature of his injuries occurring in February of 2005 until June of 2005, he is advised that actual knowledge is not required for the statute of limitations to begin to run.

According to the plaintiff's own allegations, it took "due diligence and research" after the surgery for him to learn that his appendix was necessary[3] and that the circulation problems with his hands were caused by the improper administration of intravenous drugs. Purportedly, by June of 2005, he knew these things. The plaintiff thereby virtually admits that he had "reason to know" that he had been injured after returning from the hospital or he would not have pursued the matter. Ritter also claims that the hospital nurses told him that the circulation in his hands would improve, thus acknowledging that he knew of the injury, although not understanding its nature, as far back as his conversation with them in February of 2005.

Clearly, by the end of February, 2005, the instant plaintiff had reason to know that he was injured, having gone through a surgery on medical advice and receiving intravenous injections such that he began to suffer circulation problems in his hands. Therefore, his "reasonable diligence" obligation began at the end of February of 2005. *See Collard,* 896 F.2d at 183. Yet he did not file an administrative claim until more than a year later, on April 25, 2006, and did not file his lawsuit until May 15, 2006. The Court concludes that his claims herein are time-barred.

---

[3] A medical issue the truth of which is refuted by the defendant.

The Court also considers whether it would be appropriate to apply any equitable tolling doctrines to the facts presented here. Because the plaintiff states that the hospital nurses told him that the problem with his hands would go away, the Court has examined the "continuing violations" doctrine. *Cox v. City of Memphis*, 230 F.3d 199, 202 n.4 (6th Cir. 2000) (continuing violations doctrine may apply to civil rights claims as part of the federal common law of claims accrual).

The continuing violations doctrine permits a court to look backwards to the entirety of an ongoing wrong to assess its cumulative effect, so long as at least one concrete injury falls within the statute of limitations period. *Heard,* 253 F.3d at 318; *Tiberi v. Cigna Group,* 89 F.3d 1423, 1430-31 (10th Cir. 1996) ("the statute of limitations does not begin to run until the wrong is over and done with."). The doctrine is usually applied with regard to the appropriateness of medical care provided over an extended period of time to treat a chronic medical condition, as opposed to treatment for a discrete injury. *Heard v. Sheahan,* 253 F.3d 316, 318 (7th Cir. 2001) (applying continuing violations doctrine to Eighth Amendment deliberate indifference claims).

The doctrine does not apply where a single, discrete event causes ongoing injuries. *See, e.g., Hill v. Godinez*, 955 F.Supp. 945 (N.D.Ill. 1997) (failure to perform surgery on broken nose beyond 7- to 8-day period recommended by another doctor does not constitute continuing course of treatment that delays running of statute of limitations). The instant plaintiff's allegations are about one surgery and one series of intravenous injections, both events taking place in February of 2005, fifteen months prior to the filing herein, thus making the application of this continuing violations doctrine inappropriate.

This conclusion is supported by Sixth Circuit law which generally disapproves of applying the doctrine in civil rights actions. *Sharpe v. Cureton*, 319 F.3d 259, 267 (6th Cir. 2003) ("This

Circuit employs the continuing violations doctrine most commonly in Title VII cases, and rarely extends it to §1983 actions."); *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110-12 (2002); *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1106 n.3 (6th Cir.1995). The rationale is that facts in a Title VII case occur only over time so as to make it clear to a plaintiff that he or she is or may be the victim of race or sex discrimination, *i.e.*, they tend to "unfold rather than occur." *Bell v. Chesapeake & Ohio Ry. Co.*, 929 220, 223 (6th Cir. 1991). Such is not the case herein.

As this Court has noted earlier, a prisoner's time for filing may be tolled during the period of time he is pursuing administrative remedies. However, Plaintiff Ritter does not have this benefit. His own administrative exhibit shows that he did not even attempt to raise the matter administratively at the prison until April 25, 2006. He wrote thereon that the LAC doctor's bad advice occurred on February 9, 2005, and he had the surgery on February 17, 2005, thus admitting in writing that the complained-of events occurred "over a year ago."

The Court finds that the plaintiff's claims against the ARH were filed after the applicable statute of limitations had already run. Therefore, they are time-barred. Further, there is no equitable basis for delaying or tolling the statute of limitations on the instant record. Equitable tolling is inappropriate when the plaintiff was not prevented from asserting his rights in some extraordinary way. *See Jones v. Morton*, 195 F.3d 153, 159 (3d Cir.1999).

In addition to concluding that the plaintiff's filing herein is barred by the statute of limitations, the Court also agrees with Defendant ARH's argument that it is not a state actor. To establish a right to relief under §1983, the plaintiff must plead and prove two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the

United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Street v. Corr.Corp. of Am.,* 102 F.3d 810, 814 (6th Cir. 1996); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

The sole served Defendant and Movant is Appalachian Regional Healthcare, Inc. It is not an arm of the state. This complaint charges purely private conduct by the ARH, conduct not reached by 42 U.S.C. §1983. *See Parratt v. Taylor*, 451 U.S. 527 (1981). Moreover, allegations of medical malpractice or negligent diagnosis and treatment--even of prisoners--are not cognizable under §1983. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Birrell v. Brown*, 867 F.2d 956, 958 (6th Cir. 1989).

To state a claim under §1983, a plaintiff must show that the alleged violation of federal rights is "fairly attributable to the state." *Lugar v. Edmondson Oil Co.*, 457 U.S. 822, 837 (1987). This plaintiff has not done so. Without state action, there is no §1983 claim. *See Skinner v. Glenn*, 1994 WL 524036 (D.N.J.) (not reported in F. Supp.). As the defendant points out, §1983 liability may not be based on *respondeat superior*. Additionally, without a federal cause of action, pendent state claims may be dismissed. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966); *Gregory v. Hunt, et al.*, 24 F.3d 781 (6th Cir. 1994).

## CONCLUSION

Therefore, the Court has concluded that the instant action was filed outside the one-year statute of limitation and that the state and federal claims herein were, therefore, barred when filed. Further, the Court finds that the plaintiff has failed to state a claim against ARH upon which the Court may grant relief under 42 U.S.C. §1983. Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) Plaintiff's motion for extension of time [Record No. 15] in order to respond to the Court's Show Cause Order is **GRANTED.**

(2) Plaintiff's motion for extension of time [Record No. 17] in order to respond to the defendant's reply is **DENIED.**

(3) The motion of Defendant Appalachian Regional Healthcare, Inc. [Record No. 7], to dismiss the instant cause of action is **GRANTED**, and in respect to filing an answer is **DENIED**.

(4) This matter is **DISMISSED**, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendants.

This June 8, 2007.

**Signed By:**

*Karl S. Forester* KSF

**United States Senior Judge**